IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHERRI BEABOUT        Plaintiff, | ) )  ) | Case No.:4:16-CV-20 |
| v. | ) ) ) ) | |
| FIRST MERCHANTS CORPORATION, subsidiary FIRST MERCHANTS BANK, N.A., subsidiary LAFAYETTE BANK & TRUST Co., and subsidiary FIRST MERCHANTS TRUST Co.        Defendant. | ) ) ) ) ) | JURY DEMANDED |

## COMPLAINT

Plaintiff, Sherri Beabout, by counsel, and for this Complaint against Defendant First Merchants Corporation (First Merchants) and its subsidiaries First Merchants Bank, N.A., Lafayette Bank & Trust Company, and First Merchants Trust Company, and states as follows:

## NATURE OF THE CASE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and the Age Discrimination in Employment Act 29 U.S.C. § 621 *et. seq.* Beabout alleges that First Merchants intentionally discriminated against her in violation of Title VII and the ADEA and retaliated against her for engaging in protected activities.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by the raising of federal questions of law by the Beabout.

3. The claims for relief arise in the State of Indiana, and more specifically in Tippecanoe County, and therefore under 28 U.S.C. § 1391(b), which allows for an action to be

brought in the district where the cause of action arose, the Northern District of Indiana is proper venue for this cause of action.

4. That Beabout is a woman over forty and a resident of the state of Indiana.

5. First Merchants Corporation is a financial services holding company duly registered to conduct business in the state of Indiana.

6. First Merchants Bank, N.A., Lafayette Bank & Trust, and First Merchants Trust Company are subsidiaries of First Merchants Corporation

7. At all times relevant herein, First Merchants Corporation and its subsidiaries were engaged in an industry affecting commerce, as defined in Title VII and ADEA, and employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. With regards to the ADEA, First Merchants employed twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## STATEMENT OF FACTS

8. Beabout worked for First Merchants Corporation (or one of its subsidiaries) since August 21, 2001 to the present.

9. In November 2008, Beabout held the position of Program Manager.

10. As a Program Manager Beabout supervised Investment Consultants, which are variously referred to as Representatives, Producers, or Sales Assistants.

11. One of the Investment Consultants Beabout Supervised was Abel Ernstberger.

12. In August 2014, Beabout's supervisor changed from Dan Gick to Michael Joyce.

13. Two months later, on October 3, 2014, Ernstberger told Beabout that things were not going well at the new banking center in Plainfield.

14. Ernstberger was convinced that the new, "flamboyantly gay" bank manager would hurt his referrals with a conservative client demographic and therefore potentially affect his income.

15. Beabout addressed the matter with Ernstberger immediately.

16. On November 6, 2014, First Merchants held a coverage model meeting where Beabout consulted with First Merchants leadership regarding which Investment Consultants should service various geographical areas in Indiana.

17. During the meeting Beabout recommended that Erstberger service the Southcentral region of Indianapolis because, among other reasons, it did not include Plainfield.

18. Beabout told First Merchants leadership that one of the reasons for her recommendation was to separate Ernstberger from the Plainfield bank manager. While explaining the reasons for her recommendation, Beabout told First Merchants about her October 2014 conversation with Ernstberger and about Erstberger's objections to working with a bank manager that he considered "flamboyantly gay."

19. After the meeting, upon information and belief, First Merchants looked into what Beabout reported to the executives during the November 2014 meeting.

20. After looking into the matter, Beabout's supervisor, Michael Joyce, met with her on or about January 16, 2015 and told her that she had put words into Ernstberger's mouth and that no hostile work environment ever existed between Ernstberger and the Plainfield bank manager.

21. On February 12, 2015, Joyce told Beabout that by communicating her concerns about the relationship between Ernstberger and the Plainfield bank manager to the executives she

"had put the company at unnecessary risk" and therefore she would be demoted from Program Manger to the position of Investment Consultant.

22. On April 30, 2015, Beabout reapplied for her former position of Program Manager.

23. During the application process, Joyce communicated to Beabout that it would be futile to apply for her old job due to her handling of the Ernstberger situation.

24. On August 9, 2015 the Program Manager position was given to a younger, male employee, Brett Fisher.

25. Beabout was qualified for the position of Program Manager, while Fisher was not.

26. Fisher has a criminal record, including crimes against women. In January 2004, Fisher was charged with felony intimidation of a woman. Fisher pleaded guilty to misdemeanor harassment of the woman in July 2014.

27. Fisher also was convicted of operating a vehicle while intoxicated in September 2003.

28. Fisher also has a record of being sued in civil court in November 2002. In the case of *Demedici v. Fisher*, Cause No. 84D05-0211-SC-8826 Fisher failed to appear on three occasions before finally addressing the matter after being ordered to appear under threat of jail.

29. Fisher has a broker license in fewer states than Beabout and, upon information and belief, has limited experience supervising Investment Consultants.

30. Beabout had supervised thirteen Investment Consultants in an entire business line for several years, while Fisher, upon information and belief, had limited experience supervising a small, regional group of employees for a much shortly time period.

31. The Financial Industry Regulatory Authority (FINRA) reports that at the time Fisher was hired over Beabout he had three customer disputes on his record from his former employment with Huntington Investment Company.

32. In two out of those three complaints, Huntington Investment Company was required to pay a monitory settlement based upon the customer's complaint against Fisher.

33. Beabout has no criminal history, she has not been sued civilly, and she had not failed to appear for a court hearing. Beabout has a successful history of supervising Investment Consultants. Beabout has more experience in the financial industry than Fisher and in her over fifteen years of service she has never received a reportable customer complaint.

34. On May 29, 2015, Beabout filed a charge with the EEOC alleging that her demotion in February 2015 was unlawful retaliation for reporting the conflict between Ernstberger and the Plainfield bank manager.

35. On September 3, 2015, Beabout filed an amended charge with the EEOC alleging that she was denied a promotion as retaliation for engaging in protected activity and because she was a female over forty.

36. On December 10, 2016, the EEOC issued a notice of right to sue on the charges.

37. The charge was received on December 14, 2015.

**COUNT I**
*Intentional Discrimination in Violation of Title VII*

38. Beabout hereby incorporates the preceding paragraphs of this Complaint.

39. First Merchants has engaged in intentional discrimination against Beabout because she is a woman, including demoting her in February 2015 and denying her the position of Program Manager in August 2015.

40. Beabout has suffered and will continue to suffer damages as a result of this discrimination.

## COUNT II
*Intentional Discrimination in Pay in Violation of Age Discrimination in Employment Act*

41. Beabout hereby incorporates the preceding paragraphs of this Complaint.

42. First Merchants has engaged in intentional discrimination against Beabout because she is over forty, including demoting her in February 2015 and denying her the position of Program Manager in August 2015.

43. Beabout has suffered and will continue to suffer damages as a result of this discrimination.

## COUNT III
*Retaliation*

44. Beabout hereby incorporates the preceding paragraphs of this Complaint.

45. Beabout engaged in protected activity, including, but not limited to, informing First Merchants leadership of Ernstberger's complaints about the Plainfield bank manager, filing a charge of discrimination, and complaining that she was being discriminated against.

46. In retaliation for Beabout's protected activity she was demoted from the position of Program Manager and denied the position when she reapplied for it.

47. As a result of First Merchant's retaliatory acts, Beabout has suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Sherri Beabout, prays for judgment in her favor against First Merchants and for the following relief:

a. Order First Merchants to make her whole by providing appropriate back and front pay for actual damages with pre-judgment and post-judgment interest, in amount to be determined at trial, and all other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, Beabout's pecuniary losses;

b. Order First Merchants to make Beabout whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amount to be determined at trial, including emotional pain, suffering, inconvenience, and loss of enjoyment of life;

c. Order First Merchants to pay Beabout compensatory, including emotional distress and anxiety, and punitive damages for its malice and reckless indifference to her civil rights;

d. Order First Merchants to pay to Beabout pre- and post-judgment interest on all sums recoverable; and

e. Award Beabout the costs of this action including reasonable attorney's fees, costs and any such further relief as the Court may deem just, proper and equitable, and;

f. Grant such further relief as the Court deems necessary and proper in the public interest.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

  /s/Mark K. Leeman
Mark K. Leeman, #29109-09
412 E. Broadway
Logansport, IN 46947
574-722-3881
Email: markleeman@leemanlaw.com