UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION IN LAFAYETTE

SHERRI BEABOUT,              )
                                     )
        Plaintiff,            )
                                     )
        v.                   )    Case No. 4:16-CV-020-JD
                                     )
FIRST MERCHANTS CORPORATION,   )
subsidiary FIRST MERCHANTS BANK,   )
N.A., subsidiary LAFAYETTE BANK &   )
TRUST CO., and subsidiary FIRST     )
MERCHANTS TRUST CO.,         )
                                     )
        Defendants.        )

## OPINION AND ORDER

Plaintiff Sherri Beabout filed a complaint against Defendant First Merchants Corporation ("First Merchants") and its subsidiaries (collectively referred to as "Defendants") alleging sex discrimination (Count 1), age discrimination (Count 2), and retaliation for engaging in protected activity (Count 3) [DE 1]. Defendants filed an answer and simultaneously moved to dismiss the sex and age discrimination claims [DE 9], arguing that the claims had not undergone the requisite administrative process. After the motion was fully briefed [DE 10, 17, 18], Plaintiff sought leave to amend the complaint [DE 19], to which Defendants only partially object [DE 22]. For the reasons stated below, the Court GRANTS the Plaintiff's Motion to Amend [DE 19] and DENIES AS MOOT Defendants' Partial Motion to Dismiss [DE 9].

## I. BACKGROUND

Plaintiff Sherri Beabout was employed by First Merchants as a Program Manager supervising investment consultants. On October 3, 2014, an investment consultant allegedly informed Beabout that the new "flamboyantly gay" bank manager at the Plainfield, Indiana bank

location would hurt his referrals with a conservative client demographic and therefore potentially affect his income [DE 1 at 3].  Beabout didn't address the issue with her superiors until November 6, 2014. *Id*. After looking into the matter, Beabout's supervisor, Michael Joyce, informed Beabout that it was believed that her report was false and Beabout had unnecessarily placed First Merchants at risk by communicating unfounded concerns about the relationship between their employees [DE 1 at 3-4]. Beabout was then demoted from her Program Manager position on February 12, 2015 [DE 1 at 4].

Beabout filed a charge with the EEOC on May 29, 2015[1] [DE 1, 17-1].  Beabout's original charge alleged that First Merchants retaliated against her by demoting her from the Program Manager position after she reported that one of the investment consultants was engaging in discriminatory conduct. *Id*.

Beabout thereafter reapplied for the same position, but First Merchants hired an allegedly lesser qualified and younger male for the job on August 9, 2015 [DE 1 at 4]. Thus, on September 3, 2015, Beabout filed an amended EEOC charge adding sex and age discrimination claims [DE 1, DE 17-2]. The EEOC issued a Notice of Right to Sue on December 10, 2015—only 98 days after Beabout filed the amended EEOC charge. Beabout filed the instant action on March 7, 2016 [DE 1].

Defendants then moved to dismiss the sex and age discrimination claims [DE 9], arguing that because these claims differed from the original retaliation charge, Beabout should have filed her intentional discrimination claims as "a new and separate [EEOC] Charge, to allow it to go through the requisite administrative process." [DE 9 at 2]. In other words, Defendants believed

---

[1] The EEOC charges were referred to in the complaint and are deemed incorporated into the plaintiff's pleadings. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

that Beabout had to then wait for the 180-day statutory waiting period to expire before filing the instant lawsuit. *See* 29 C.F.R. § 1601.28(a). Defendants have since acknowledged that the ADEA statutory waiting period is only 60 days, 29 C.F.R. § 1626.7, and therefore, they concede that only the Title VII sex discrimination claim is subject to dismissal [DE 22 at 5].

Accordingly, on April 27, 2016, Beabout timely filed a new EEOC charge alleging that she was denied a promotion to Program Manager in retaliation for engaging in protected activity and because she was a female over the age of forty.[2] The EEOC then issued a second notice of Right to Sue on November 16, 2016—over 180 days after the charge was filed. Beabout now seeks leave to amend the complaint to include these supplemental facts with respect to her exhaustion of the requisite administrative remedies [DE 19]. Ultimately, the substance of her three claims in the proposed amended complaint [DE 19-1] are the same as those asserted in her original complaint [DE 1].

Ironically, Defendants contend that leave should be denied under Federal Rule of Civil Procedure 15(a)(2) because the amendment is futile. Despite the fact that Beabout did exactly what Defendants complained she failed to do, Defendants now argue that the EEOC didn't have jurisdiction to issue the second Right to Sue notice.

## II. DISCUSSION

As a preliminary matter, the Court notes that the amended complaint contemplates only supplementing the original complaint based on events occurring after the original complaint was filed with respect to Plaintiff's exhaustion of administrative remedies. Such supplemental

---

[2] Beabout had 300 days from the date of her failed promotion to file the EEOC charge. *See Majors v. Gen. Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013).

allegations really fall under Rule 15(d), rather than 15(a), and the Court finds it just under the circumstances to allow the additional facts to be supplemented.

However, even considering the Defendants' argument relative to Rule 15(a)(2), this Rule entrusts to the Court's discretion the decision of whether to permit a party to amend its pleading after the initial stages of litigation, and instructs the Court to "freely give leave when justice so requires." *See Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc*., 125 F.3d 468, 480 (7th Cir. 1997). Thus, the Court will generally grant leave to amend unless one or more of three conditions exist: (1) the party seeking amendment has engaged in undue delay or some sort of bad faith; (2) the opposing party would suffer undue prejudice; or (3) the amendment would be futile. *Id*.

Defendants do not argue that the first two conditions apply here, rather, they contend that the amendment is futile. Admitting that there is no case law directly on point, Defendants argue that the amendment would be futile because the EEOC didn't have jurisdiction to issue the second Right to Sue notice after it issued the first Right to Sue notice thereby terminating further proceedings on the claims, consistent with 29 C.F.R. § 1601.28(a)(3) [DE 22]. For the reasons explained below, the Court declines to award Defendants such a windfall.

Under EEOC regulations, a charge may be "amended" to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. 29 C.F.R. § 1601.12(b). Further, amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. *Id*. This Circuit's case law explains that where facts are initially alleged that could only support one kind of discrimination, then additional acts of discrimination based on new legal theories do not relate to or grow out of

the original claim. *See Fairchild v. Forma Sci., Inc.*, 147 F.3d 567, 575 (7th Cir. 1998); *see also Brown v. Chicago Transit Auth. Pension Bd.*, 86 F. App'x 196, 198 (7th Cir. 2004).

This means that Beabout's intentional discrimination claims premised on Defendants' subsequent hiring decision did not relate to or grow out of her initial retaliation claim based on her demotion. *See id*. Thus, Beabout could not properly "amend" her first charge of discrimination, rather she needed to file a new EEOC charge. Given this, Defendants took the position that Beabout's sex and age discrimination claims were not properly before the EEOC by way of the "amended" EEOC charge. Taking Defendants' argument to its logical conclusion then means that the initial Right to Sue notice only legitimately concerned the retaliation claim. However, Beabout still only had ninety days to file the instant lawsuit, 42 U.S.C. § 2000e-5(f)(1), and so she did.

But ultimately, the EEOC could not have "terminated" its proceedings on the sex and age claims which were inappropriately added by way of an amended charge. And so, those claims were prematurely alleged in the instant lawsuit. However, since filing the lawsuit, Beabout has filed a new EEOC charge on her intentional discrimination claims. This EEOC charge has proceeded through the administrative process culminating in the EEOC's issuance of a Right to Sue notice. Defendants cannot now legitimately argue that the EEOC had no jurisdiction to issue such a notice, when the intentional discrimination claims were never previously presented to the EEOC in a proper charging document. And Defendants admittedly have no authority supporting such an argument. Importantly, given the circumstances of this case, allowing the amended complaint to proceed at this time is consistent with the purpose of the charge filing requirement, as Defendants have clearly had adequate notice of the separate claims, the relevant facts, and Plaintiff's legal theories. *See Fairchild*, 147 F.3d at 575-76.

### III.  CONCLUSION

For the reasons stated, Plaintiff's Motion to Amend is GRANTED [DE 19] and

Defendants' Partial Motion to Dismiss [DE 9] is DENIED AS MOOT. Plaintiff's counsel is

DIRECTED to file an identical copy of the Amended Complaint [DE 19-1] as a separate

document within 10 days of this Order.

SO ORDERED.

ENTERED:  February 28, 2017

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court